UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PREMIER ONE HOLDINGS, INC., a Nevada Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION; DOES I through X; and ROE BUSINESS ENTITIES I through X, <br><br> Defendants, <br><br> FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Corporation, <br><br> Intervenor, <br><br> FEDERAL NATIONAL MORTGAGE ASSOCIATION, <br><br> Counter-Plaintiffs, <br><br> vs. <br><br> PREMIER ONE HOLDINGS, INC.; and SOUTHERN TERRACE HOMEOWNER'S ASSOCIATION, <br><br> Counter-Defendants. | Case No.: 2:14-cv-2128-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Motion for Summary Judgment (ECF No. 30) filed by Defendant Federal National Mortgage Association ("Fannie Mae") and Intervenor Federal Housing Finance Agency ("FHFA"). Plaintiff/Counter-Defendant Premier One Holdings, Inc.

("Premier One") filed a Response (ECF No. 41), and Fannie Mae and FHFA filed a Reply (ECF No. 48).

## I. BACKGROUND

The present action involves the interplay between Nevada Revised Statutes § 116.3116 and 12 U.S.C. § 4617 as it relates to the parties' interests in real property located at 5922 Moon Garden Street, Las Vegas, NV, 89148 (the "Property").  On November 15, 2006, the Property was secured by a Deed of Trust. (Deed of Trust, ECF No. 32-1).[1]  The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and ReconTrust Company, N.A. as the trustee. (*Id.*).  Fannie Mae acquired ownership of a mortgage loan secured by the Property on December 1, 2006 and has owned it ever since. *See* (Exs. A–B to Curcio Decl., ECF No. 33).

On September 6, 2008, FHFA's Director placed Fannie Mae and Freddie Mac into conservatorships pursuant to HERA. *See* (Pollard Decl. ¶ 2, ECF No. 31).

On July 13, 2010, MERS assigned its beneficial interest to BAC Home Loans Servicing, LP. (Corp. Assignment of Deed of Trust, ECF No. 32-2).  On October 11, 2012, a Notice of Delinquent Assessment Lien was recorded against the Property. (*See* Foreclosure Deed, ECF No. 32-3).  Then on January 9, 2013, a Notice of Default and Election to Sell was recorded against the Property. (*See id.*).  On May 25, 2013, Southern Terrace Homeowner's Association (the "HOA") sold the Property at public auction. (*See id.*).  Premier One subsequently purchased the Property as the highest bidder at the May 25, 2013 foreclosure sale. (*Id.*).  At no time during the process did FHFA, as conservator of Fannie Mae, consent to the HOA's foreclosure. *See* (Pollard Decl. ¶¶ 3–4, ECF No. 31).

On August 23, 2013, the beneficial interest in the Deed of Trust was assigned to

---

[1] The Court takes judicial notice of Exhibits 1–5 (ECF Nos. 32-1–32-5) of Fannie Mae and FHFA's Request for Judicial Notice (ECF No. 32). *See Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Each of these documents is publicly recorded in the Clark County Recorder's office.

Nationstar Mortgage LLC. ("Nationstar") (Assignment of Deed of Trust, ECF No. 32-4). Moreover, Nationstar assigned its beneficial interest in the Deed of Trust to Fannie Mae on September 24, 2014 (Assignment of Deed of Trust, ECF No. 32-5).

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.    DISCUSSION**

In the instant Motion for Summary Judgment, Fannie Mac and FHFA request that the Court declare that "12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit a foreclosure on a superpriority lien to extinguish a property interest of Fannie Mae while it is

under FHFA's conservatorship," "the HOA Sale did not extinguish Fannie Mae's interest in the Deed of Trust and thus did not convey the Property free and clear to Plaintiff," "the Deed of Trust continues to encumber the Property," and "Fannie Mae's interest in the Property is superior to the interest of Plaintiff." (Mot. Summ. J. 12:13–13:3, ECF No. 30).

The Court addressed the applicability of 12 U.S.C. § 4617(j)(3) in *Skylights LLC v. Fannie Mae*, 2015 WL 3887061 (D. Nev. June 24, 2015). After addressing many different arguments regarding the applicability of section 4617(j)(3), the Court held that the plain language of section 4617(j)(3) prohibits property of FHFA from being subject to a foreclosure without its consent. *Id.* at *10.

Here, Fannie Mae has held an interest in the Property since December 1, 2006. *See* (Exs. A–B to Curcio Decl., ECF No. 33). Accordingly, because FHFA held an interest in the Deed of Trust as conservator for Fannie Mae prior to the HOA foreclosure, section 4617(j)(3) prevents the HOA's foreclosure on the Property from extinguishing the Deed of Trust.

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Fannie Mae and FHFA's Motion for Summary Judgment (ECF No. 30) is **GRANTED**. The Court finds that 12 U.S.C. § 4617(j)(3) preempts Nevada Revised Statutes § 116.3116 to the extent that a homeowner association's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae or Freddie Mac while those entities are under FHFA's conservatorship. Accordingly, the HOA's foreclosure sale of its super-priority interest on the Property did not extinguish Fannie Mae's interest in the property secured by the Deed of Trust or convey the Property free and clear to Premier One.

**IT IS FURTHER ORDERED** that Fannie Mae and FHFA are granted summary judgment on Premier One's claims for quiet title.

**DATED** this 13th day of July, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court