**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PREMIER ONE HOLDINGS, INC., a Nevada Corporation, | ) ) ) |
| Plaintiff, | ) |
| vs. | ) ) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; DOES I through X; and ROE BUSINESS ENTITIES I through X, | ) ) ) ) |
| Defendants, | ) ) |
| FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Corporation, | ) ) ) ) |
| Intervenor, | ) ) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) |
| Counter-Plaintiffs, | ) ) |
| vs. | ) ) ) |
| PREMIER ONE HOLDINGS, INC.; and SOUTHERN TERRACE HOMEOWNER'S ASSOCIATION, | ) ) ) ) |
| Counter-Defendants. | ) ) |

Case No.: 2:14-cv-2128-GMN-NJK

**ORDER**

Pending before the Court is the Motion for Summary Judgment (ECF No. 61) filed by Defendant Federal National Mortgage Association ("Fannie Mae") and Intervenor Federal Housing Finance Agency ("FHFA"). Plaintiff/Counter-Defendant Premier One Holdings, Inc.

("Premier One") filed a Response (ECF No. 63), and Fannie Mae and FHFA filed a Reply (ECF No. 64).

## I. BACKGROUND

On July 13, 2015, the Court granted Fannie Mae and FHFA's motion for summary judgment. (Order, ECF No. 50).  Accordingly, the Court granted summary judgment in favor of Fannie Mae and FHFA as to Plaintiff Premier One's claim for quiet title.  (*Id.* 5:22–23). Additionally, on October 1, 2015, the Court granted the parties' Stipulation, which dismissed Fannie Mae's wrongful foreclosure and injunctive relief counterclaims. (Order, ECF No. 62).

As a result, the remaining claims include Fannie Mae and FHFA's declaratory judgment and quiet title counterclaims and Plaintiff's cancellation of instruments and injunctive relief claims.  In the instant Motion for Summary Judgment, Fannie Mae and FHFA seek summary judgment on the remaining claims and counterclaims.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.   DISCUSSION

In the Court's prior Order on Fannie Mae and FHFA's Motion for Summary Judgment, the Court held that "12 U.S.C. § 4617(j)(3) preempts Nevada Revised Statutes § 116.3116 to the extent that a homeowner association's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae or Freddie Mac while those entities are under FHFA's conservatorship." (Order 5:16–19, ECF No. 50).  As a result, the Court further held that "the HOA's foreclosure sale of its super-priority interest on the Property did not extinguish Fannie Mae's interest in the property secured by the Deed of Trust or convey the Property free and clear to Premier One." (*Id.* 5:19–21).

Based on the holding in the Court's prior Order on Fannie Mae and FHFA's Motion for Summary Judgment, summary judgment is appropriate in favor of Fannie Mae and FHFA on the remaining claims and counterclaims in this case.[1]

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Fannie Mae and FHFA's Motion for Summary Judgment (ECF No. 61) is **GRANTED**.  Accordingly, summary judgment is entered in favor of Fannie Mae and FHFA and against Plaintiff Premier One Holdings, Inc. as to the remaining claims and counterclaims in this case.

---

[1] In Plaintiff's Response, Plaintiff does not argue that the Court's holding in the prior Order on Fannie Mae and FHFA's Motion for Summary Judgment does not dispose of the remaining claims and counterclaims.  Rather, Plaintiff merely asserts that the Court wrongly decided Fannie Mae and FHFA's prior Motion for Summary Judgment. (Response 3:1–10, ECF No. 63).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter final judgment reflecting that all claims and counterclaims have been resolved in Fannie Mae and FHFA's favor.

**DATED** this __6__ day of April, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge